IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:04-cr-00009-MP-AK

MOHAMMED AHMED,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

By prior order, this Court directed Defendant to file an amended § 2255 motion because his allegations of ineffective assistance of counsel were "plainly insufficient even to warrant a response from the Government." The Court clearly advised Defendant that he must include "**specific facts** as to [Defendant's] conversations with his attorney regarding an appeal, what was said, when it was said, and what transpired during the conversations...." Doc. 40 (emphasis in original). The Clerk was also directed to provide Defendant with the proper form for filing a motion to vacate. The Court then gave Defendant two extensions of time to comply, and when he missed the third deadline, the Court issued a show cause order.

In response to the show cause order, Defendant submitted Doc. 47, an amended motion to vacate, which was not on the proper form, and Doc. 49, an affidavit in support of the amended motion to vacate. The supporting affidavit by Defendant was two sentences long:

> I Mohammed Ahmed, due [sic] hereby certify that the foregoing statement is correct and true;
>
> That I informed my attorney/counsel to appeal my sentence and conviction, and he informed me that he would file an appeal on my behalf, but failed to do so.

Doc. 49. The amended motion to vacate was equally void of details regarding the issue of counsel's alleged failure to file an appeal. Doc. 47.

In the interest of justice, the Court allowed Defendant once again to amend his motion to vacate, "as he still ha[d] not provided specific facts as to his conversations with his attorney regarding an appeal." Doc. 50. The Court more fully explained:

> As the Court previously advised him, it needs more specificity than a bald statement that Defendant told his attorney to appeal, and that his attorney said he would appeal but did not. Instead, the Court needs facts, not generalizations: what, to the best of Defendant's memory, exactly was said, when and where the conversation took place, if there were other persons involved in the conversation, what exactly transpired during the conversation, and whether Defendant ever contacted counsel after this alleged conversation regarding the status of the appeal. Perhaps it was as simple as Defendant suggests; however, there are additional details which he should be able to provide which will help the Court in evaluating this claim. Again, Defendant must submit an affidavit or statement, under oath or under penalty of perjury, which supports the allegations of the second amended motion to vacate.

*Id*.

This matter is now before the Court on Doc. 51, Second Amended Motion to Vacate under 28 U.S.C. § 2255, by Mohammed Ahmed. On this occasion, Defendant refers the Court back to Doc. 49, the affidavit he originally submitted in support of the first amended § 2255 motion, as evidence that his counsel failed to file a notice of appeal after being instructed to do so. As the Court explained to him on two previous occasions, such bald allegations without some semblance of detail are plainly insufficient to go forward. The Court has generously given

Defendant two opportunities to provide it with the details it needs to evaluate this claim and clearly instructed him on the type of information which the Court requires. Defendant has ignored those instructions, and thus, this claim of ineffectiveness should be dismissed.

As to Defendant's claim that his counsel was ineffective for failing to object to the sentence enhancements based on *Blakely*, the Court finds the claim without merit. While *Blakey*, which involved the interpretation of state court sentencing guidelines, had been, according to Defendant, decided shortly before sentencing in this case, *Booker*, which involved the federal sentencing guidelines, had not been decided. *See United States v. Booker*, 543 U.S. 220 (2005). Since counsel is not required to anticipate a change in the law, he was not deficient in failing to assert a *Blakely* argument, since at the time Defendant was sentenced, the Sentencing Guidelines "allowed the judge to engage in judicial factfinding." *Sanchez v. United States*, 2006 WL 622585 (11th Cir. Mar. 14, 2006). This claim should also be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's second amended motion to vacate, Doc. 51, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 2nd  day of June, 2006.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**